IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MONA HOWARD MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:17-cv-386-WKW-WC |
| WILLIAM AUSTIN PRUITT, *et al.*, | ) |
| Defendants. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Motion to Remand (Doc. 7), Defendants' Response (Doc. 9) in opposition thereto, and Plaintiff's Reply (Doc. 10). On May 10, 2017, Plaintiff filed a complaint in Alabama state court against Defendant William Austin Pruitt ("Pruitt") and his employer, Defendant Corblu Ecology Group, LLC, ("Corblu") as a result of an automobile accident that occurred between Plaintiff and Defendant Pruitt. Plaintiff alleges two claims: (1) a claim for negligence against Defendant Pruitt, Doc. 1-6 at 2; and (2) a claim for *respondeat superior* against Defendant Corblu, *id*. at 3. Defendants filed their Notice of Removal (Doc. 1) in this court on June 14, 2017, basing the removal upon diversity jurisdiction. Doc. 1 at 2-5, ¶ 4.

On July 11, 2017, Plaintiff filed a Motion to Remand (Doc. 7), arguing that removal was improper because Defendants failed to (1) show the parties are diverse, and (2) meet their burden of proving the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. Doc. 7 at 1. On July 20, 2017, the undersigned entered an order directing

Defendants to show cause, if any there be, why the motion should not be granted, and provided Plaintiff an opportunity to reply. Doc. 8. Defendants responded, arguing that removal was proper, and Plaintiff replied, maintaining it was not. *See* Docs. 9, 10. On August 28, 2017, the United States District Judge referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 12. As the matter is fully briefed, it is ripe for recommendation to the District Judge.

For the reasons that follow, the undersigned RECOMMENDS that Plaintiff's Motion to Remand (Doc. 7) be GRANTED.

**I.  Discussion**

Plaintiff's complaint alleges that, on or about May 12, 2015, Defendant Pruitt ran a red light at an intersection in Barbour County, Alabama, and collided with Plaintiff's vehicle. Doc. 1-6 at 2, ¶¶ 4, 5. Plaintiff claims she was injured as a result of the collision, and incurred damages. *Id*. at 2, ¶ 9; 3, ¶ 13. Based upon these facts, Plaintiff asserts a negligence claim against Defendant Pruitt, and a *respondeat superior* claim against Defendant Corblu, who was Defendant Pruitt's employer at the time of the crash. *Id*. at 2-3. In her prayer for relief, Plaintiff requests compensatory damages, costs, and any other relief that the court finds appropriate. *Id*. at 3.

**A.  Diversity Jurisdiction**

Federal courts are courts of limited jurisdiction. Congress has granted federal district courts original subject-matter jurisdiction over only two types of civil actions: (1) those "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. §

1331; and (2) those that involve an amount in controversy in excess of $75,000.00 "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(a), defendants have the right to remove an action from state court to federal court, so long as the federal court would have had original subject-matter jurisdiction over the action pursuant to § 1331 or § 1332. While defendants have a right to remove, "removal statutes are construed narrowly; [and] where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994).

Here, Defendants base removal upon diversity jurisdiction. Doc. 1 at 2-5. Removal based upon diversity jurisdiction is possible "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). Further, in order to establish diversity jurisdiction, the amount in controversy between the parties must exceed $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a).

Plaintiff challenges Defendants' removal on the grounds that (1) Defendants have not shown the parties enjoy complete diversity, and (2) Defendants have not established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Doc. 7.

*Diversity of Citizenship*

Plaintiff argues Defendant's notice of removal is insufficient because it fails to "allege the citizenship of all members of the limited liability company," Defendant Corblu,

3

or Defendant Corblu's members, Wetland & Ecological Consultants, LLC, and Corblu Ecology, LLC. *Id*. at 2.

Defendants' response in opposition of Plaintiff's motion to remand specifies the citizenship of Defendant Corblu (Georgia); Wetland & Ecological Consultants, LLC, and its individual members (Georgia); and Corblu Ecology, LLC, and its individual members (Georgia).[1]  Doc. 9 at 1-2.  Plaintiff is a citizen of Alabama.  Doc. 1-6 at 1, ¶ 1.

In her reply, Plaintiff does not further argue Defendants' failure to properly allege the citizenship of Defendant Corblu's members.  Thus, considering Defendants' response setting forth the Georgia citizenship of Defendant Corblu's members and Plaintiff's lack of subsequent argument as to the matter, the undersigned will assume for the purposes of this recommendation that the citizenship prong of diversity jurisdiction has been satisfied, and will proceed to address whether Defendants have established, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00.

*Amount in Controversy*

If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen*

---

[1] Defendants' Notice of Removal states that "[t]he members of Defendant Corblu Ecology Group, LLC are Wetland & Ecological Consultants, LLC (a Georgia corporation) and Corblu Ecology, LLC (a Georgia corporation.  All of the members of Wetland & Ecological Consultants, LLC and Corblu Ecology, LLC are resident citizens of the State of Georgia."  Doc. 1 at n.1.  Defendants' response in opposition of Plaintiff's motion to remand simply provides greater specificity as to the individual members of Wetland & Ecological Consultants, LLC, and Corblu Ecology, LLC.

*v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

In their notice of removal, Defendants rely upon Plaintiff's pre-suit settlement offers—one made on February 24, 2017, for $125,000.00, and one made on March 28, 2017, for $122,000.00—to meet "their burden of showing by a preponderance of [the] evidence that the amount in controversy exceeds the sum of $75,000.00." Doc. 1 at 3-5.

Plaintiff asserts Defendants' reliance upon Plaintiff's pre-suit settlement offers is insufficient to meet their burden because the offers were, in essence, "puffering and posturing at a high level of abstraction," and not indicators of the actual amount in controversy between the parties. Doc. 7 at 2-6. Further, Plaintiff points out that, presumably, Defendants themselves value the case at no more than $30,000.00, since that is the most Defendants have offered to settle the case. *Id.* at 5.

Defendants respond that Plaintiff's settlement offers should be considered as more than mere posturing, because "Plaintiff is claiming serious permanent injuries" and physical impairment, along with "a tremendous amount of mental anguish and anxiety," as

a result of the crash.² Doc. 9 at 6-7. Additionally, Defendants argue that their low-value settlement offers are "not evidence of a low amount in controversy because, as is the case here, such an offer is likely to reflect defendant's belief that the plaintiff may be unable to establish liability." *Id.* at 6 (internal citations omitted). Thus, Defendants assert they have shown, by a preponderance of the evidence, that the amount in controversy between the parties exceeds $75,000.00. *Id.* at 8-9.

First, the undersigned turns to Defendants' reliance upon Plaintiff's settlement offers to establish the amount-in-controversy requirement. While "[t]he amount requested in a settlement demand does not determine whether the amount in controversy exceeds $75,000, . . . 'it counts for something.'" *Ryals v. Wal-Mart Stores East, L.P.*, Case No. 2:16-cv-580-MHT-PWG, 2016 WL 7173884, at *4 (M.D. Ala. Sept. 29, 2016) (quoting *Burns*, 31 F.3d at 1097). Generalized "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to *little weight* in measuring the preponderance of the evidence." *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (citing *Hall v. CSX Transp., Inc.*, No. 3:06–CV–37–WKW, 2006 WL 3313682 at *3 n.5 (M.D. Ala. Nov. 14, 2006)) (emphasis added). "On the other hand, settlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of her claim' and are entitled to more weight." *Standridge v. Wal-Mart Stores, Inc.*, 945

---

² Notably, Plaintiff's complaint does not reference mental anguish or serious, permanent injuries. Instead, Plaintiff's complaint simply states that she was "injured and damaged." Doc. 1-6 at 2, ¶ 9; 3, ¶ 13. It appears that Defendants are adopting these details from "Exhibit H," which is Plaintiff's February 24, 2017, settlement demand letter. *See* Doc. 9 at 6-7 (wherein Defendants reference Exhibit H (Doc. 9-2) at 12-13).

6

F. Supp. 252, 256–57 (N.D. Ga. 1996) (citing *Golden Apple Mgmt. Co. v. Geac Computs., Inc.*, 990 F. Supp. 1368 (M.D. Ala. 1998)). Thus, in determining how much weight a settlement offer will carry in showing the amount in controversy between the parties, "courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other." *Ryals*, 2016 WL 7173884, at *5 (citing *Jackson*, 651 F. Supp. 2d at 1281 ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence."); *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-Oc-32JBT, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010) ("The evidentiary value of a settlement offer in establishing the amount in controversy depends on the circumstances of the offer."); *Hall*, 2006 WL 3313682, at *2 n.5 ("despite the court's consideration of Plaintiff's pre-removal settlement offer . . . Defendant has not persuaded this court that Plaintiff's settlement demand was an honest assessment of damages.").

Here, Plaintiff's pre-suit settlement offers contains little more than generalized statements as to Plaintiff's basis for her demand. Indeed, in Plaintiff's February 24th demand letter, the only dollar amount specified, other than the total amount of the demand, is Plaintiff's gross medical expenses of $10,269.99. Doc. 1-3. Plaintiff's March 28th demand letter is even less specific, stating only that "it is going to take some money to settle the case," and reducing the original demand by $3,000.00. Doc. 1-4. In neither of these demands does Plaintiff assign a dollar figure to her pain and suffering, her permanent impairment, or her mental anguish. Plaintiff's generalizations indicate to the undersigned

7

that Plaintiff's demand letters are little more than pre-suit puffering and posturing. As such, the settlement offers are entitled to little weight in determining the amount in controversy between the parties. *See Ryals*, 2016 WL 7173884, at *5 (holding that the plaintiffs' settlement demand letter, which did not contain facts from which an assessment of damages could be reasonably inferred, did not establish by a preponderance of the evidence that the plaintiffs' claims exceeded the jurisdictional amount); *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281-82 (S.D. Ala. 2009) (holding that the plaintiffs' settlement demand letter, which was not detailed in any way and merely requested a lump-sum payment of $155,000, was considered mere posturing and did not establish by a preponderance of the evidence that the plaintiffs' claims exceeded the jurisdictional amount); *Standridge v. Wal–Mart Stores,* 945 F. Supp. 252, 256 (N.D. Ga. 1996) (holding that a pre-suit demand letter sent two weeks prior to the plaintiff filing suit was "nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking").

Further, the undersigned would note that many courts have concluded that pre-suit settlement demands do not constitute "other paper" under 28 U.S.C. § 1446(b) upon which a defendant may base removal. *See Mark v. Wood Haulers, Inc*., No. CA-09-0706-CG-C, 2009 WL 5218030, at *8 (S.D. Ala. 2009)

Next, the undersigned turns to address Defendants' reliance upon Plaintiff's request for punitive damages as evidence that the amount in controversy exceeds $75,000.00. Defendants note that Plaintiff's *respondeat superior* claim against Defendant Corblu "seeks compensatory and punitive damages." Doc. 9 at 5. Thus, Defendants argue,

8

because punitive damages are sometimes "excessive . . . even in cases where compensatory damages are small by comparison," Plaintiff's request for punitive damages places the monetary value of the complaint above the $75,000.00 threshold. *Id*.

Plaintiff responds that her request for punitive damages within the *respondeat superior* claim against Defendant Corblu was simply "an innocent mistake and oversight on the part of the filer." Doc. 10 at 3. Plaintiff points to her prayer for relief, which omits a request for punitive damages, and requests only: (1) compensatory damages; (2) her costs in this action; and (3) other relief that is appropriate. *Id*. Further, Plaintiff notes that "[i]t is a legal certainty that punitive damages cannot be recovered in this case" because Plaintiff has merely alleged negligence on the part of Defendant Pruitt, and punitive damages are not available under Alabama law unless there is a wrongful death claim or a tort action in which the defendant consciously or deliberately engages in oppression, fraud, wantonness, or malice with regard to the plaintiff. *Id*. "Additionally, [Plaintiff argues,] Alabama law also clearly prohibits the award of punitive damages against an employer for its employee's intentional conduct unless there is authorization, ratification, or wanton hiring." *Id*.

The undersigned agrees that it is more likely than not that Plaintiff's request for punitive damages in the *respondeat superior* claim against Defendant Corblu is simply a scrivenor's error, as Plaintiff's prayer for relief omits such a request, and Plaintiff admits the same. Nonetheless, the undersigned concludes that it is, in this case, a legal certainty that Plaintiff may not recover punitive damages against either Defendant under Alabama law based upon the claims Plaintiff asserts. This is because Plaintiff's complaint asserts only a claim for negligence against Defendant Pruitt—not wantonness—and punitive

9

damages are unavailable for such claims under state law. *See Schaeffer v. Poellnitz*, 154 So. 3d 979, 989 (Ala. 2014) (noting that intentional torts carry punitive damages, if the jury chooses to award them, when the evidence shows malice, willfulness, insult, or other aggravating circumstances); *CP & B Enterprises, Inc. v. Mellert*, 762 So. 2d 356, 362 (Ala. 2000) (citing *Bradley v. Walker*, 207 Ala. 701, 703 (1922) ("Punitive damages are not recoverable for simple negligence, but the recovery in such case is for compensatory damages.")). As notice pleading requires a plaintiff to provide defendants with adequate notice of the claims against them, it is clear that Plaintiff does not intend to pursue a wantonness claim against Defendant Pruitt at this time because Plaintiff would be required to state so in her complaint.³ Further, Plaintiff's *respondeat superior* claim against Defendant Corblu does not carry the potential of punitive damages because Alabama law prohibits an award of punitive damages against employers—even when their employee's conduct is intentional—unless there is authorization, ratification, or wanton hiring.⁴ *See*

---

³ Notably, in Plaintiff's demand letter, Plaintiff states: "We should also note it is possible that a jury could find the insured acted with wantonness in running a red light in a congested area at full speed, so this case presents a risk of a punitive damages award." Doc. 1-3 at 4. However, that statement was made prior to Plaintiff filing suit in state court, and, if Plaintiff wished to pursue a wantonness claim against Defendant Pruitt, Plaintiff could have stated such in her complaint.

Further, while it may be possible for Plaintiff to amend her complaint at a later date to assert a wantonness claim against Defendant Pruitt and thereby recover punitive damages, motions to remand must be determined based upon the facts as they stand on the date of removal. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[W]e note that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal."). Accordingly, as Plaintiff has not—at the time of removal—asserted a claim for wantonness (or any other claim that carries the possibility of punitive damages), it is a legal a certainty at this point in time that Plaintiff may not recover punitive damages.

⁴ Although the parties do not address it in their briefing, Plaintiff's complaint states within her *respondeat superior* claim that "[t]he *negligence and/or wantonness* of Defendant Pruitt occurred in the line and scope of Defendant Pruitt's employment with Defendant Corblu[.]" Doc. 1-6 at 3, ¶ 12 (emphasis added). Plaintiff continues: "As the employer of Defendant Pruitt at the time of his *negligent acts* and/or

Ala. Code § 6-11-27(a). Accordingly, the undersigned concludes that Defendants have not met their burden to show, by a preponderance of the evidence, that the amount in controversy between the parties exceeds $75,000.00 based upon Plaintiff's "request" for punitive damages.

In summary, Defendants rely upon Plaintiff's pre-suit settlement offers and Plaintiff's "request" for punitive damages within her complaint to satisfy the amount-in-controversy requirement for removal to this court. Unfortunately for Defendants, this evidence does not meet the preponderance-of-the-evidence burden they must satisfy in establishing that the amount-in-controversy exceeds $75,000.00. Assuming *arguendo* that the parties are indeed completely diverse, the failure of Defendants to show that the amount in controversy exceeds $75,000.00 prevents this court from exercising jurisdiction over the matter, and warrants remand of the case to state court.

**II.  Conclusion**

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion to Remand (Doc. 7) be GRANTED. It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 26, 2017**. The parties must specifically identify

---

omissions, Defendant Corblu [ ] is liable for the injuries and damages caused by Defendant Pruitt's *negligence*." *Id*. at ¶ 13 (emphasis added). Thus, while Plaintiff clearly has alleged within her *respondeat superior* claim potentially wanton conduct (which is considered an intentional tort) on behalf of Defendant Pruitt, Plaintiff nonetheless has chosen not to assert a claim of wantonness against Defendant Pruitt, and the remainder of the allegations in Plaintiff's complaint referencing the conduct of Defendant Pruitt omit any reference to wantonness. Therefore, the undersigned presumes that the inclusion of the wantonness allegation against Defendant Pruitt within the *respondeat superior* claim is, once again, a scrivener's error. To the extent that it is not, it remains that Plaintiff has chosen not to assert a wantonness claim against Defendant Pruitt. As such, a jury could not find Defendant Pruitt's conduct to be wanton, and, accordingly, Defendant Corblu could not be held liable for punitive damages.

11

the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 12th day of September, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE